■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BOLTON, Appellant. [658 NYS2d 944] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered February 23, 1996, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that the evidence was legally insufficient to establish, beyond a reasonable doubt, his guilt of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, these contentions are without merit. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the People's peremptory challenges were rendered solely to exclude blacks from the jury also is without merit. The People put forth facially valid and race-neutral reasons for exercising their peremptory challenges against two jurors who happened to be black. At this juncture in the *Batson* inquiry, the defendant was required to proffer reasons as to why the People's explanations were pretextual. Having failed to do so, the defendant did not meet his burden of showing that the peremptory challenges exercised by the People against two prospective jurors was motivated by race-based discrimination (*see, Purkett v Elem,* 514 US 765, 766-767).

The defendant's failure to raise any objection to the sentence

imposed before the sentencing court precludes appellate review of his claim that the sentence imposed was unconstitutional under the cruel and unusual punishment clause (see, People v Mateo, 144 AD2d 388). In any event, the claim is without merit. Moreover, the sentence was not excessive (see, People v Suitte, 90 AD2d 80). Miller, J. P., Copertino, Krausman and Florio, JJ., concur.